**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ADVANCED SURGERY CENTER, | : | CIVIL ACTION NO. 10-3778 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : |  |
| MAGNACARE, et al., | : |  |
| Defendants. | : |  |

**THE PLAINTIFF** medical provider brought this action in state court to recover $14,430 for services provided to an alleged beneficiary ("Alleged Beneficiary") of an employee benefit plan. (Dkt. entry no. 1, Compl.)  The plaintiff alleges that the Alleged Beneficiary "issued an assignment of benefits to Plaintiff which assigned all rights and interests she has to receive medical care and payment".  (Id. at 2; see dkt. entry no. 9, Am. Compl. at 2.) The defendant Magnacare removed the action, arguing that the action is completely preempted by the Employee Retirement Income Security Act ("ERISA").  (See dkt. entry no. 1, Rmv. Not.)  The defendant Local 272 Welfare Fund ("Fund") was added after removal, and consents to removal.  (See Am. Compl.; see dkt. entry no. 15, Fund Aff. at 4 (stating "this is precisely the type of case . . . that . . . [is] subject to federal jurisdiction").)  The defendants bear the burden of demonstrating complete preemption. See 28 U.S.C. § 1446(a).

**THE COURT** ordered the defendants to show cause why this action should not be remanded, as the Court is concerned that the action is not completely preempted by ERISA.  (Dkt. entry no. 11, Order To Show Cause ("OTSC").)  See 28 U.S.C. § 1447(c).  The Court assumes that the parties are familiar with the contents of the Order To Show Cause, and will not repeat them here.

**AN ACTION** involving an assignment of benefits will be found to be properly removed due to complete preemption by ERISA when the action is shown not to concern the amount of a payment sought by a medical provider, but rather to concern either the right to payment or eligibility for coverage.  See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 402-04 (3d Cir. 2004); see also Englewood Hosp. & Med. Ctr. v. AFTRA Health Fund, No. 06-637, 2006 WL 3675261, at *5 (D.N.J. Dec. 12, 2006) (remanding action removed under ERISA, as "the dispute is not over coverage and eligibility, i.e., the right to payment, but rather over the amount of payment to which the [provider] is entitled").  The defendants, in response to the Order To Show Cause, have made this showing.  (See Fund Aff. at 3-4 (stating claims for payment were denied because Alleged Beneficiary was "not on file" and thus not eligible for coverage); Fund Aff., Ex. E, Denial Notices; dkt. entry no. 16, Magnacare Letter (joining in Fund's arguments).)

**AN ACTION** involving an assignment of benefits also will be found to be properly removed due to complete preemption by ERISA when a removing party produces an actual assignment of benefits for review, as the Court advised the defendants.  (See OTSC at 2.)  This well-settled requirement permits the Court to ensure that the purported assignment of benefits is a proper assignment. See Pascack Valley Hosp., 388 F.3d at 400-02; Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan, 143 Fed.Appx. 433, 435-36 (3d Cir. 2005).

**AS TO** the aforementioned burden, the defendants have not submitted an assignment of benefits, and instead argue:

> Plaintiff alleges in its complaint that it has an assignment and defendants do not dispute that allegation. . . . The assignment is a document that is maintained by plaintiff and in the normal course of the processing of a claim for benefits is not provided to Magnacare or to the Fund.  However, the defendants do not dispute, and have no reason whatsoever to question, the allegation that plaintiff has an assignment of benefits from the [Alleged Beneficiary] entitling it to payment for any covered services rendered to an eligible person.

(Fund Aff. at 4.)  This argument does not excuse the defendants' burden to produce an assignment for the Court's review.  See Pascack Valley Hosp., 388 F.3d at 401-02 (referring to similar argument as "a non sequitur", and expressly rejecting arguments that assignment's existence should be assumed because a party "consistently followed the claims and claim review procedures" and because of a party's "routine practice"); N. Jersey Ctr. for

3

Surgery v. Horizon Blue Cross Blue Shield of N.J., No. 07-4812,
2008 WL 4371754, at *4 (D.N.J. Sept. 18, 2008) (stating reliance
on "[v]ague references to a common practice of non-network
providers . . . and a purported assignment of benefits . . . fail to
conclusively establish that [provider] has a complete assignment
of its patients' health insurance benefits", and thus remanding
action); Order at 2-3, Vaimakis v. United Healthcare/Oxford, No.
07-5184 (D.N.J. Sept. 3, 2008), ECF No. 13 (remanding action by
adopting report and recommendation found at 2008 WL 3413853, at
*3-5 (D.N.J. Aug. 8, 2008), which stated that "[i]t may be
customary in the profession that when a patient seeks medical
services from a medical provider that is not an 'in-network'
provider of the patient's insurance plan, that patient assigns
his or her rights under the plan to the medical provider[, but]
without actual proof of the assignment, the Court cannot find
federal jurisdiction").

     **THE DEFENDANTS** thus have not demonstrated that the action
has been properly removed.  The Court will therefore (1) grant
the Order To Show Cause, and (2) remand the action to state
court.  The Court will issue an appropriate Order and Judgment.


                              s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

**Dated:** April 18, 2011


                              4